**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TERRY LOWE,**

       **Plaintiff,**

**vs.**                                  **No. CIV 99-1077 LCS-ACE**

**AMERIND RISK MANAGEMENT**
**CORPORATION, a Red Lake Band**
**of the Chippewa Indian Reservation**
**Legal Entity; RICHARD MITCHELL;**
**and JOHN DOES 1-180;**

       **Defendants.**


**MEMORANDUM OPINION**

This matter is before the Court on Defendants' (AMERIND) Motion for Summary Judgment,

filed April 4, 2000 (Doc.28).  The Court, having considered the arguments of counsel, record,

relevant law, and being otherwise fully informed, finds that this Motion should be GRANTED.


**I.  Background.**

AMERIND is a non-profit, self-funded risk pool created by its member Indian Housing

Authorities.  It was incorporated under the laws of the Red Lake Band of the Chippewa Indian Tribe

in Minnesota.  AMERIND's purpose is to provide risk management services to the American Indian

and Alaska Native communities.  It provides property, liability, and other insurance coverage to

member Indian Housing Authorities.

On May 6, 1994, AMERIND hired Plaintiff (Lowe) as a claims manager.  In January, 1995,

Lowe obtained the position of Chief Executive Officer (CEO) of AMERIND.  On July 7, 1998,

AMERIND terminated Plaintiff's employment.  Lowe filed a charge of discrimination with the New Mexico Human Rights Division.  On June 2, 1999, the New Mexico Human Rights Division issues a determination of no probable cause on the charge of discrimination.

In his First Amended Complaint, filed February 14, 2000, Lowe alleges discrimination on the basis of national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and discrimination on the basis of disability (diabetes) in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), as well as state law claims for breach of implied employment contract, prima facie tort, intentional infliction of emotional distress, and defamation.  On February 24, 2000, Lowe agreed to dismiss his claims against Penobscot Tribal Reservation Housing Authority and his Title VII and American with Disabilities Act claims against all individual Defendants pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(a)(1).

## II.  Standard of Review.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact. " *Id.*  When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party.  *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record taken

as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Simms,*165 F.3d at 1326. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Bullington v. United Air Lines*, Inc., 186 F.3d 1301, 1313 (10th Cir.1999). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

**III. Analysis.**

Lowe brings this action under Title VII and the ADA. Title VII declares it unlawful for an employer to discharge an individual, or otherwise to discriminate against any individual with respect

to his compensation, terms, conditions, or privileges of employment, due to race or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). To prevail on a claim of wrongful discharge based on race under Title VII, a plaintiff has the ultimate burden of proving, either directly or indirectly, that his discharge was motivated by racial bias. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The ADA makes it unlawful for an employer to discriminate on the basis of an individual's disability. *See* 42 U.S.C. § 12112(a). To prevail on a claim under the ADA, a plaintiff has the burden of establishing that: (1) he is a disabled person as defined by the ADA; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) the employer discriminated against him because of his disability. *See Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1109 (10th Cir. 1999).

AMERIND argues that Title VII and the ADA are inapplicable because it had fewer than fifteen employees during all times at issue and because it is a tribal entity. AMERIND also claims that Lowe's claims are barred by tribal sovereign immunity and failure to exhaust administrative remedies. In his response, Lowe represents that AMERIND now concurs that he exhausted his administrative remedies. Lowe argues that AMERIND had more than fifteen employees, is not a tribal entity within the meaning of Title VII and the ADA and is not shielded by tribal sovereign immunity.

AMERIND's first argument is dispositive. AMERIND asserts that Title VII and the ADA are inapplicable because it employs fewer than fifteen persons, the jurisdictional minimum to maintain a Title VII or ADA action. *See* 42 U.S.C. §§ 2000e(b), 12111(5)(A). Plaintiff concedes that AMERIND has fewer than fifteen employees in the conventional sense, but argues that the AMERIND's ten-member Board of Directors should be counted in calculating the total number of employees within the meaning of Title VII and the ADA.

Both Title VII and the ADA define 'employee' as "an individual employed by an employer." 42 U.S.C. §§ 2000e(f), 12111(4). The United States Supreme Court has determined that, in order for an individual to be an employee, he must have an 'employment relationship' with his employer. *See Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 206-07 (1997). An "employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." *Id*. at 206. This test is known as the 'payroll method.' *See id*.

However, appearance on the employer's payroll is not necessarily dispositive, as an individual who appears on the payroll must also qualify as an employee under traditional principles of common law agency. *Walters*, 519 U.S. at 211. In determining whether a director or board member is an employee under traditional principles of common-law agency, the courts should consider: (1) whether the board member performed traditional employee duties; (2) whether the board member was regularly employed by a separate entity; and (3) whether the board member reported to someone higher. *See Equal Employment Opportunity Comm'n v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1539 (2d Cir.1996). In addition, New Mexico law defines an employee as "the person performing the work." N.M. UJI Civ. 13-403. In order for an individual to qualify as an employee within the meaning of Title VII and the ADA, he must appear on the employer's payroll and satisfy the traditional common agency-law definition of employee. *Walters*, 519 U.S. at 211. The failure to satisfy either element precludes a finding that an individual is an employee. *Id.*

In support of its motion for summary judgment, AMERIND submitted the Affidavit of Nancy Harjo. (*See* Def.'s Ex. C.) Ms. Harjo averred that, from 1995 to February 1999, she was the Human Resources Manager for AMERIND and that, during 1997 and 1998, AMERIND never employed more than fourteen employees. (*See id.*) In its Undisputed Issue of Material Fact No. 8, AMERIND

stated that it never employed more that fourteen employees during 1997 and 1998. (Def.'s Brief at 3.) AMERIND has met its initial burden under Rule 56. *See Adickes v. S.H. Kress & Co.*, 398 U.S. at 157. The burden then shifted to Lowe to demonstrate a genuine issue for trial on a material matter. *See Celotex v. Catrett*, 477 U.S. at 323.

Lowe contested Defendant's Undisputed Issue of Fact No. 8 only on the "grounds that the board of directors of AMERIND of ten members should be included in the jurisdictional element." (Pl.'s Response at 2.) Lowe argued that the members of Board of Directors should be counted because "the Board is the heart and soul of AMERIND" and the Board terminated him. Significantly, Lowe did not dispute that the ten members of the Board of Directors are not on the payroll of AMERIND. The By-Laws of AMERIND, submitted by Lowe as Plaintiff's Exhibit 4, specifically provide that the board members "shall receive no compensation for their services" but are reimbursed for their expenses. (*See* Pl.'s Ex. 4 at 6.)

Lowe does not assert that the members of the board qualify as employees under any of the three traditional common law agency factors or under New Mexico law. There is no issue of fact as to whether the board members performed traditional employee duties; no issue of fact as to whether the board members were regularly employed by a separate entity; no issue of fact that the board members reported to anyone else; and no issue of fact that the board members performed any work for AMERIND. The fact that the Board of Directors terminated Lowe from his position as CEO is not indicative that the board members were employees of AMERIND within the meaning of Title VII or the ADA. The Personnel Policies of AMERIND specifically provide that the Board of Directors has the responsibility of hiring the CEO. (*See* Pl.'s Ex. 7 at 4.) In fact, hiring of the CEO is the Board's only responsibility, other than setting the policies under which AMERIND operates. (*See* Pl.'s Ex. 7 at 4.) Lowe's contention that the Board was the heart and soul of AMERIND is

6

immaterial to whether the board members were employees for the purposes of Title VII and the ADA and is therefore unavailing. Similarly, the cases cited by Lowe all address the issue of who qualifies as an employer. *Hendrix v. Fleming Cos.* 650 F. Supp. 301, 302 (W.D. Okla. 1986) (individual officers, directors or agents of company may be employers); *Thompson v. Int'l Ass'n. of Machinists and Aerospace Workers*, 580 F. Supp. 662, 669 (D. D.C. 1984) (employees or agents of unincorporated union were employers); *O'Connor v. Peru State College*, 605 F. Supp. 753, 759 (D. Neb 1985) (board of trustees of college was an employer under Title VII). Thus, these cases are not applicable to the issue of whether members of a board of directors qualify as employees within the meaning of Title VII and the ADA.

AMERIND has met its burden of establishing that it had fewer than fifteen employees during the relevant period. Lowe has conceded all material facts with respect to this issue. Once AMERIND satisfied its initial burden, in order to resist summary judgment, Lowe was required to set forth specific facts showing there is a genuine issue for trial as to a dispositive matter. *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586. This he failed to do. Thus, AMERIND is entitled to summary judgment that it had fewer that fifteen employees during the relevant period at issue. AMERIND's Motion for Summary Judgment shall be granted.

Jurisdiction in this action was based solely on 28 U.S.C. § 1331 (federal question). As this case was at a relatively early stage of pretrial development, the Court declines to exercise supplemental jurisdiction over the plaintiff's state-law claims against AMERIND. *See* 28 U.S.C. § 1367(c)(3); *Gold v. Local 7 United Food and Commercial Workers Union,* 159 F. 3d 1307, 1301 (10th Cir. 1999). Therefore, Lowe's supplemental claims against AMERIND shall be dismissed without prejudice.

**IV. Conclusion.**

Upon review of the evidence presented on this Motion for Summary Judgment, the Court finds that the is no material issue of fact that Title VII and the ADA are inapplicable to AMERIND. Therefore, AMERIND's Motion for Summary Judgment, filed April 4, 2000, shall be granted. Plaintiff's state law claims shall be dismissed without prejudice.

**AN ORDER CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**